IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BILLY RAY WASHINGTON, | § | |
| Petitioner | § | |
| | § | |
| -vs- | § | Case No. A-09-CA-513 LY |
| | § | |
| CLAUDE MAYE, Warden, FCI Bastrop, | § | |
| Respondent | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Billy Ray Washington's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1), and the Government's Response (Clerk's Doc. No. 9). On July 7, 2009, the District Court referred the case to the instant Magistrate Court for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Magistrate Court HEREBY ENTERS the following Report and Recommendation.

**I. GENERAL BACKGROUND**

On June 27, 2006, Movant Billy Ray Washington pled guilty to Count One of a Superseding Indictment charging him with possession of firearms and ammunition by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). See A-06-CR-017 LY. On September 20, 2006, the District Court sentenced Movant to a 120-month term of imprisonment, followed by a three-year

term of supervised release, and ordered Movant to pay a $100 mandatory assessment fee. See Judgment and Commitment (Clerk's Docket No. 44 in A-06-CR-017 LY).

Although Movant did not file a direct appeal of his conviction, on March 26, 2007, he filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, alleging that his conviction was obtained by the use of evidence gained from an unconstitutional search and seizure, he was denied the effective assistance of counsel and that the District Court assessed more points than it should have under federal sentencing guidelines. See Motion to Vacate, Clerk's Docket No. 45. On June 28, 2008, the instant Magistrate Court issued a Report and Recommendation recommending that Movant's § 2255 motions should be denied. Clerk's Docket No. 60. On March 28, 2008, Movant filed another § 2255 Motion to Vacate. Clerk's Docket No. 67. On July 2, 2008, the District Court adopted the Magistrate's Report and Recommendation and denied both of Movant's § 2255 motions and entered judgment in favor of the Government. Clerk's Docket Nos. 70 & 71. Movant sought a certificate of appealability ("COA") to appeal the denial of his § 2255 motions, which the Fifth Circuit denied on April 9, 2009. See Order Denying COA, No. 08-50723 (5th Cir. April 9, 2009).

On April 24, 2009, Movant filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses under 18 U.S.C. § 3582, which the District Court denied on May 8, 2009. See Clerk's Docket No. 91. Shortly thereafter, Movant filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 arguing that his sentence should be reduced because of (1) "extraordinary hardships" stemming from his wife's illness and (2) he has failed to receive jail time credit for time spent in state custody. Clerk's Docket No. 1 in A-09-CV-513 LY.

## II. ANALYSIS

A.   **Extraordinary Hardship Argument**

As noted above, Movant first argues that his sentence should be reduced because his confinement is an extraordinary hardship on his family due to his wife's Lupus and her inability to properly care for their daughter. It is unclear whether Movant is arguing that the District Court failed to consider his family circumstances at the time of his sentencing or that the District Court should now reduce his sentence based on his wife's illness. Either way, his claim outside the proper scope of a § 2241 petition. If Movant is arguing that the District Court erred at sentencing by failing to consider his wife's illness, such a claim should have been asserted in one of his previous section 2255 motions.[1] A section 2255 motion is the proper vehicle for collaterally attacking a federal conviction and sentence for errors that occurred "at or prior to sentencing. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Whereas, a section 2241 petition "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Id.* The Fifth Circuit has made it clear that "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *Id.* at 452 (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) (per curiam)). While a § 2241 petition attacking a federally imposed sentence may be considered if the petitioner satisfies the mandates of § 2255's "savings clause" provision, Movant has failed to demonstrate that his claim falls within such provision and thus will not be considered by this Court. See *Tolliver v. Dobre*, 211 F.3d 876, 877-8 (5th Cir. 2000).

---

[1]Such a claim would have been without merit since "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." See U.S.S.G. § 5H1.6.

Similarly, if Movant is attempting to argue that the District Court should presently reduce his sentence based on his wife's illness, such a claim would also be outside the scope of a § 2241 petition since Movant is not attacking the manner in which his sentence is being carried out. The Court also notes that Movant has already filed a Motion to Modify his Sentence under 18 U.S.C. § 3582, which was denied by the District Court. See Clerk's Docket No. 91

**B.      Jail Time Credit Claim**

Movant next argues that the Bureau of Prisons ("BOP") has not given him credit for time spent in state custody from June 2, 2005 to September 20, 2006, as the District Court ordered. The Court is a bit perplexed with this claim since Movant did in fact receive credit for time spent in state custody from June 2, 2005 to September 20, 2006. See Attachment A at p. 2 (Sentence Monitoring Computation Data showing Movant received credit for jail time during this period). Thus, any claim to the contrary is entirely without merit. Because Movant has failed to allege any other claims in the instant § 2241 Petition, it should be denied in its entirety.

## III.   RECOMMENDATION

Based upon the foregoing, the Magistrate Court RECOMMENDS that the District Court DENY Billy Ray Washington's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Docket No. 1).

## IV.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of January, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE