IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BILLY RAY WASHINGTON** | § | |
| | § | |
| **-vs-** | § | **Case No. A-09-CA-513 LY** |
| | § | |
| **CLAUDE MAYE, Warden, FCI Bastrop** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Billy Ray Washington's Amended Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 15), and the Government's Response (Clerk's Doc. No. 21).[1] The District Court referred the case to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND

After Petitioner Billy Ray Washington ("Washington") sold crack cocaine to a confidential informant with the Bastrop County Sheriff's Office ("BCSO"), the BCSO arrested Washington on May 31, 2005, pursuant to three warrants for Delivery of a Controlled Substance. A search of Washington's residence and automobiles revealed numerous firearms, ammunition and 4.92 grams of cocaine. On February 7, 2006, Washington was charged in the Western District of Texas in a single-count Indictment with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

---

[1]The Court DENIES Washington's Motion to Bar the Government's Response (Clerk's Docket No. 20).

*See* A-06-CR-017 -LY (Clerk's Docket No. 1). Because Washington was incarcerated in the Bastrop County Jail at the time, the United States issued a *Writ of Habeas Corpus Ad Prosequendum* for his Initial Appearance on February 21, 2006. On June 27, 2006, Washington pled guilty, pursuant to a Plea Agreement, to a single count Superseding Indictment charging him with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). *See* Clerk's Docket No. 39. Based upon a total offense level of 27 and a criminal history category of V (due to his lengthy criminal history), Washington faced a guideline range for imprisonment from 120 to 150 months. *See* PSR at p. 17. On September 20, 2006, the District Court sentenced Washington to a 120-month term of imprisonment (the maximum permitted by statute), followed by a three-year term of supervised release, and ordered him to pay a $100 mandatory assessment fee. *See* Judgment and Commitment (Clerk's Docket No. 44). The Judgement and Commitment also ordered that Washington receive credit toward his federal sentence for any time spent in state custody beginning on June 2, 2005. Washington did not file a direct appeal of his conviction and sentence.[2]

After his sentencing, Washington was returned to Bastrop County authorities on September 21, 2006, with a federal detainer ordering the State to return Washington to federal authorities upon satisfaction of his state sentence. On November 16, 2006, Washington's state parole was revoked and he was transferred to the Texas Department of Criminal Justice ("TDCJ") for the remainder of

---

[2]However, Washington did file two Motions to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255 (Clerk's Docket No. 45 & 67), which were both denied on July 2, 2008 (Clerk's Docket Nos. 70 & 71). Washington sought a certificate of appealability ("COA") to appeal the denial of his § 2255 motions, which the Fifth Circuit denied on April 9, 2009. *See* Order Denying COA, No. 08-50723 (5th Cir. April 9, 2009). Washington also filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses under 18 U.S.C. § 3582, which the District Court denied on May 8, 2009. (Clerk's Docket No. 91).

his state sentence. On January 25, 2007, TDCJ discharged Washington from his State sentence and erroneously released Washington to the community instead of notifying the United States Marshal Service ("USMS").[3] The USMS did not discover that Washington had been erroneously released from custody until April of 2007. Pursuant to a Bench Warrant, the USMS arrested Washington on May 2, 2007. Since Washington was not in either state or federal custody between January 26, 2007 and May 1, 2007, his federal sentence was placed on inoperative status by the Federal Bureau of Prisons.

On July 7, 2009, Washington filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Docket No. 1 in above-styled cause) arguing that his sentence should be reduced because of (1) "extraordinary hardships" stemming from his wife's illness and (2) he has failed to receive jail time credit for time spent in state custody. Clerk's Doc. No. 1. On January 15, 2010, this Court issued a Report & Recommendation recommending that his Habeas Petition should be denied. On January 21, 2010, Washington filed the instant Motion to Amend his § 2241,which the District Court granted on April 8, 2010. In his Amended Petition, Washington dropped his previously asserted claims and raised a new claim that he has been forced to serve his federal sentence in a piecemeal fashion in violation of his constitutional rights. Having received the Parties' briefs on the Amended § 2241 Petition, the Court issues the following Report and Recommendation.

## II. ANALYSIS

In his Amended Petition for Habeas Corpus, Washington argues that he has been forced to serve his federal sentence in a piecemeal fashion in violation of his constitutional rights.

---

[3] Apparently Bastrop County authorities failed to forward the federal detainer to TDCJ when Washington was transferred.

Specifically, Washington argues that when he was released into the community on January 25, 2007, by TDCJ, his federal sentence was discharged. Thus, he contends that the federal authorities had no right to re-arrest him and force him to serve out his federal sentence. Washington's claims are barred by Fifth Circuit precedent.

In *Leggett v. Fleming*, 380 F.3d 232 (5th Cir. 2004), the defendant argued that his sentence for felon in possession of a firearm should be reduced because he should have received credit against his federal sentence for time spent at liberty. After the defendant was sentenced in federal court, he was returned to state authorities on a federal detainer stating that the defendant should not be released when his state sentence ended and ordering the state to notify the Marshals when he completed the state sentence. As in the instant case, when Leggett's state sentence ended, instead of notifying the United States Marshal, the state erroneously released Leggett into the community. The defendant spent three years at liberty before the Marshals Service arrested him. Relying on the due process clause, the defendant argued that he should receive credit toward his federal sentence for time spent at liberty. The Fifth Circuit rejected this claim, finding "that a delay in the commencement of a sentence by itself does not constitute service of that sentence." *Id.* at 235 (citing *Scott v. United States*, 434 F.2d 11, 23 (5th Cir. 1970) (" This Court holds that the mere lapse of time that occurred here [27 months], without petitioner undergoing any actual imprisonment to which he was sentenced ... does not constitute service of that sentence, and this sentence remains subject to be executed, notwithstanding the delay in executing it."); *United States ex rel. Mayer v. Loisel*, 25 F.2d 300, 300 (5th Cir. 1928) ("Mere lapse of time without the appellant undergoing the imprisonment to which she was sentenced does not constitute service of the sentence...."). The Court further found that "errors of state officials should not impact a prisoner's service of his federal

sentence." *Id.* The Court explained that the Marshals Service did not act erroneously in awaiting notice from the Texas prison system after filing a detainer asking the state to notify them upon the defendant's release. "Where there is no evidence that the governmental authority seeking to enforce the prisoner's sentence has erred, a prisoner should not be allowed to avoid service of that sentence." *Id*. at 236. *See also*, *Williams v. JP Young*, 2009 WL 1011068 at * 4-5 (W.D. La. April 14, 2009) (relying on *Leggett* to reject petitioner's claim that BOP should have credited his federal sentence with the time that he spent at liberty after being erroneously released from state custody prior to the expiration of his federal sentence).

Similarly, there is no evidence before the Court that the federal authorities erred in this case. The federal authorities followed the correct procedures by filing a federal detainer when Washington was transferred to the state authorities. The state's error in this case does not alter Washington's federal sentence since "errors of state officials should not impact a prisoner's service of his federal sentence." *Leggett*, 380 F.3d at 235. Accordingly, Washington's request to be released from prison is denied and he is not entitled to have his federal sentence credited with time spent at liberty due to the state's errors in this case. Therefore, his § 2241 Petition should be denied.

## III. RECOMMENDATION

Based upon the foregoing, the Magistrate Court RECOMMENDS that the District Court DENY Billy Ray Washington's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Docket No. 15).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of June, 2011.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE